# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**HERBERT F. BRENEMAN**                                                                                  **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO. 4:21-CV-P129-JHM**

**KENTUCKY STATE POLICE** *et al.*                                                  **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* civil-rights action brought by a prisoner pursuant to 42 U.S.C. § 1983. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

### I.

Plaintiff is incarcerated as a pretrial detainee in the Vanderburgh (Indiana) County Jail. Plaintiff initiated this action by filing a complaint on his own paper (DN 1-1), and then at the Court's direction, he filed a complaint on a Court-supplied § 1983 form (DN 1-2). Plaintiff lists the Kentucky State Police (KSP) and the Henderson County Jail (HCJ) as Defendants in this action. He additionally lists Lauren Adams of the "Probation/Parole Dept." as a Defendant on the second page of the complaint form.

The Court will first summarize Plaintiff's allegations on the Court-supplied complaint form. Plaintiff makes the following allegations against the KSP:

> Must include offence title i.e. Rape 1st, 510.040 never charged with Rape1st, 1099 Watson Ave Lane Apt 15, elementary school across street, conviction from Vanderburgh County child molestation only ever fondling case, This 1 charge class C felony., [never] would have been lifetime S.V.P., [never] had residence in KY. period. Yet [I] Plaintiff Herbert F. Breneman suffer continuously for this clerical error, this violates inter alia, all three protected ex post facto, double jeopardy, Due Process, U.S. const. Art.1-10, slander, defamation of character, goes against all man or women(s) rights to freedom and pursuit of happiness.

As to the HCJ, Plaintiff states:

Only been twice between 2009-2012 for stealing from Walmart, and driving, would they put a rapist in the min. security Barn? This is the only of ever signing papers. This erroneous mistake is and was very costly. Seek suit for same above-mentioned.

Regarding Defendant Adams, Plaintiff alleges:

Authorizing official signature, never holding KY I.D., no picture, address across from elementary school, never would have permitted to reside.  Never being charged with (Rape 1st) only ever a fondling, this L.A. defendant, because of clerical error, stolen years of my life, liberty, freedom, fighting a case, Now, because of this error in Vanderburgh Superior Court. . . .   Only thing, evidence, used to seek illegal conviction, this 1 piece of paper.

In the complaint filed on his own paper, Plaintiff states that Defendants violated his constitutional rights "by labeling (serious sex offender) subject to life. . . ."  He states that "this stigma has caused me 12 years in prison for a (erroneous) type of mistake on Kentucky's part."

As relief, he seeks damages and a "temporary injunction from further prosecution."

Plaintiff has also filed a request for the Court to "grant temp. injunction from further malicious prosecution, slander, defamation of character, continues sufferings for (A) 'framed charges' and (B) Registry being a Fed. Civ. Mandate" (DN 11) and related "correspondence" in which he asks the Court to grant "temp. injunction from further prosecution till this travesty of justice is righted" (DN 12).

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled*

*on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Upon review of Plaintiff's disjointed and mostly unintelligible allegations, the Court cannot discern a constitutional basis for liability against the KSP, the HCJ, or Defendant Adams. Indeed, the Court finds that Plaintiff's pleadings simply fail to "contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face" under *Iqbal* and *Twombly*. The Court additionally notes that, as a state agency, the KSP is immune from damages claims under the Eleventh Amendment, *see Lowe v. Ky. Court of Justice*, No. 2:14-168 KKC, 2015 U.S. Dist. LEXIS 43527, at *6 (E.D. Ky. Apr. 2, 2016), and that the HCJ is not an entity subject to suit under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). For all of these reasons, the Court concludes that this action is subject to dismissal for failure to state a claim upon which relief is granted.

Moreover, to the extent that Plaintiff requests injunctive relief in the form of asking this Court to enjoin criminal proceedings that are now proceeding against him in the State of Indiana, the Court finds it must abstain under *Younger v. Harris*, 401 U.S. 37 (1971). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008)). The State of Indiana has an important interest in adjudicating Plaintiff's criminal action, and Plaintiff has not articulated any reason to believe that the Indiana state courts will not fully and fairly litigate his constitutional claims. If he is found guilty of the charges against him, he still has a number of state-court remedies available to him, including the Indiana state appeals process. In light of the available avenues through which to raise a constitutional challenge, this Court will not interfere with an ongoing Indiana state-court proceeding.

## IV.

For the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date: January 28, 2022

*Joseph H. McGinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
      Henderson County Attorney
4414.011